UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| BILLY PRESTON AMBROSE, JR.,<br><br>　　Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　Defendant. | Case No. 2:20-cv-00083<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

### REPORT AND RECOMMENDATION

Plaintiff Billy Preston Ambrose, Jr., has filed a motion asking the Court to issue him an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. (Doc. No. 23.) Defendant Social Security Administration has responded in partial opposition to Ambrose's motion. (Doc. No. 24.) Ambrose has not filed an optional reply brief but has filed a motion to ascertain the status of his request for fees. (Doc. No. 26.) The District Judge referred Ambrose's motion to the undersigned Magistrate Judge for a report and recommendation. (Doc. No. 25.) For the reasons that follow, the Magistrate Judge will recommend that Ambrose's motion to ascertain status be granted and his motion for attorney fees be granted as modified.

I.     **Factual and Procedural Background**

Ambrose brought this action seeking review of the Social Security Administration's denial of his claims for benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 405(g). (Doc. No. 1.) After Ambrose filed a motion for judgment on the administrative record (Doc. Nos. 16, 18), the Social Security Administration filed an unopposed motion for remand under sentence four of Section 405(g) (Doc. No. 19). The Court granted the motion for remand, reversed the

Administrative Law Judge's decision denying Ambrose's claims for benefits, and remanded his case to the Social Security Administration. (Doc. No. 21.)

After the Court entered final judgment, Ambrose moved for an award of attorney fees under the Equal Access to Justice Act. (Doc. No. 23.) The Social Security Administration responded in opposition to Ambrose's motion, challenging only the hourly rate requested for Ambrose's counsel's representation. (Doc. No. 24.)

**II.      Legal Standard**

The Equal Access to Justice Act (EAJA) directs that a court "shall award to a prevailing party other than the United States fees and other expenses" in civil actions including "proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The court has "broad discretion" to determine whether fees should be awarded under the statute. *Miller v. Berryhill*, 393 F. Supp. 3d 738, 742 (M.D. Tenn. 2019) (citing *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 725 (6th Cir. 2014).

**III.     Analysis**

Ambrose supports his motion for a fee award with the affidavit of his attorney Tecia Puckett Pryor. (Doc. No. 23-1.) Pryor states that she spent 27.25 hours on her representation of Ambrose in this Court, calculated as 2.5 hours performed in 2020 and 24.75 hours performed in 2021. (*Id.*) She states that her requested rate of compensation is $250.00. (*Id.*). She requests a total fee award of $6,812.50. (*Id.*)

In response (Doc. No. 24), the Commissioner directs the Court to the EAJA's provisions regarding costs and fees, which direct that a fee award under the EAJA "shall be based upon prevailing market rates for the kind and quality of the services furnished" and that "attorney fees

shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Commissioner notes that a court may adjust the statutory hourly rate to address cost of living increases, including by consulting the Consumer Price Index for All Urban Consumers, All-Items (ACPI-ALL). (Doc. No. 24 (citing *London v. Halter*, 134 F. Supp. 2d 940, 947 (E.D. Tenn. 2001)).) The Commissioner states that adjusting the $125/hour statutory rate to reflect the ACPI-ALL's cost of living adjustments for 2020 and 2021 results in an hourly rate of $207.78 for 2020 and $215.72 for 2021. Thus, the Commissioner argues, the maximum award Pryor may request is $5,858.52, calculated as $519.45 for 2.5 hours of work performed in 2020 and $5,339.07 for 24.75 hours of work performed in 2021.

As the Commissioner sets out, a court may award a higher hourly fee than the $125.00/hour rate provided for by the EAJA if it "'determines that an increase in the cost of living'" or other factors justify doing so. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 n.4 (2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)).[1] Ambrose, however, offers no argument as to why the $250.00 hourly rate that Pryor requests is appropriate and has not replied to the Commissioner's proposed hourly rate adjusted for an increased cost in living. Ambrose states only that "[t]he record was voluminous, consisted of 1685 pages, and required much time in preparation of this case in this court." (Doc. No. 23.) But that argument provides a justification only for the number of hours for which Ambrose's counsel seeks compensation—which the Commissioner does not contest—and not for the appropriate hourly rate for attorney time.

---

[1] Neither the statutory text nor the interpreting caselaw identified by the Commissioner establishes that the formula he supplies determines the maximum hourly rate the Court may award, as the Commissioner's argument implies.

In the absence of any argument otherwise by Ambrose, and recognizing the EAJA's requirement that any increase in the hourly rate for attorney time be supported by some rationale, the Court finds that the hourly rate proposed by the Commissioner calculated in proportion to the established increase in the cost of living provides a reasonable fee award under the EAJA.

IV. **Recommendation**

For these reasons, the Court should grant Ambrose's motion (Doc. No. 23) as modified and award Ambrose attorney fees in the amount of $5,858.52. The award should be payable to Ambrose and may be subject to offset to satisfy any preexisting debt Ambrose owes to the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010). The Court should grant Ambrose's motion to ascertain the status of his motion (Doc. No. 26), which is reflected by this Report and Recommendation.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 17th day of January, 2024.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge